NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HEIDI CHIAT, | No. 20-35958 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01142-RSL |
| v. | |
| STATE OF WASHINGTON; DEPARTMENT OF SOCIAL AND HEALTH SERVICES; MARCY FOMIN; LINDA TOWNSEND-WHITHAM; TANYA KEENAN; SHAWN SIVLY; CHRISTIEN STORM; DARLA ABBAS; THERESA BURTON; ROXANNE KAR; ANTHONY KAR, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted October 5, 2021[**]
Seattle, Washington

Before: PAEZ, M. SMITH, and NGUYEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Heidi Chiat appeals the district court's orders granting summary judgment in favor of the State of Washington, Department of Social and Health Services (DSHS) as well as its order granting in part and denying in part her motion pursuant to Federal Rule of Civil Procedure 56(d).[1] We have jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, and 1291. We review the district court's orders granting summary judgment *de novo*, *Momox-Caselis v. Donohue*, 987 F.3d 835, 840 (9th Cir. 2021), and its order regarding Ms. Chiat's Rule 56(d) motion for an abuse of discretion, *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773 (9th Cir. 2003). Applying these standards, we affirm. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

1.      The district court properly granted summary judgment on Ms. Chiat's claims pursuant to 42 U.S.C. § 1983 because states and state agencies are not "persons" for purposes of the statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004).

2.      The district court properly granted summary judgment on Ms. Chiat's state law claims regarding any actions DSHS took in compliance with court orders because DSHS is statutorily immune from liability for those actions. Wash. Rev.

---

[1] The district court separately dismissed all of Ms. Chiat's claims against the individual defendants for lack of personal jurisdiction. Ms. Chiat does not challenge those orders on appeal.

Code § 4.24.595(2).

3.      The district court properly granted summary judgment on Ms. Chiat's claim that DSHS did not comply with court orders because there is no evidence to support this claim. The only court order Ms. Chiat identified was the King County Superior Court's order providing that Ms. Chiat's visitation with K.C. would be "at the youth's discretion," but Ms. Chiat did not produce any evidence showing that K.C. wished to see her and DSHS did not allow her to do so.

4.      The continuing violations doctrine did not preclude the district court from granting summary judgment on some of Ms. Chiat's claims because the statute of limitations had expired. Ms. Chiat appears to argue that some of the claims the district court dismissed were timely because DSHS's actions continued into the limitations period. The only specific claims Ms. Chiat alleges were improperly dismissed pursuant to the statute of limitations are based on (1) DSHS allegedly placing K.C. with a "religious fundamentalist family" in 2014 and keeping her there "into April 2015" and (2) DSHS concluding in administrative proceedings in September 2014 that the allegations against Ms. Chiat were "founded" and not altering that conclusion until June 2015. But the district court did not grant summary judgment on these claims based on the statute of limitations.

Ms. Chiat's claim regarding the "religious fundamentalist family" appears to be either her § 1983 claim based on the First Amendment or her claim that DSHS

wrongfully separated K.C. from Ms. Chiat. The court granted summary judgment on Ms. Chiat's § 1983 claims because the state is not a "person" within the meaning of the statute and her claims related to DSHS separating K.C. from Ms. Chiat because a court ordered DSHS to do so, and DSHS is immune from liability for actions taken in compliance with court orders.

The district court granted summary judgment on Ms. Chiat's claim regarding DSHS's administrative findings because it concluded, and the record shows, that there is no genuine dispute that Ms. Chiat "resigned her position as a substitute teacher before the neglect findings were made." Therefore, the district court granted summary judgment on this claim because Ms. Chiat did not produce any evidence to prove causation, not because the statute of limitations had run.

5.     The district court properly denied in part Ms. Chiat's Rule 56(d) motion because Ms. Chiat did not explain what facts she hoped to find through further discovery or how those facts would preclude summary judgment. *Tatum v. City & Cnty. of S.F.*, 441 F.3d 1090, 1100 (9th Cir. 2006).

6.     The district court also appropriately limited discovery with respect to Ms. Chiat's abuse of process claim. In granting a Rule 56(d) motion, a district court is not required to "permit wholesale discovery." *Burlington N. Santa Fe R.R. Co.*, 323 F.3d at 775. Instead, "the district court may tailor limited discovery before again entertaining a motion for summary judgment." *Id.* Here, the district

4

court reasonably limited discovery to information related to Ms. Chiat's abuse of process claim because it had already granted summary judgment on her other claims.

7.     The district court properly granted summary judgment on Ms. Chiat's abuse of process claim even if the first dependency proceeding was still pending at the time of the second investigation because there is no evidence in the record showing that DSHS used "legal process empowered by [the first] suit" in the second investigation. *Sea-Pac Co. v. United Food & Com. Workers Loc. Union 44*, 699 P.2d 217, 221 (Wash. 1985) (quoting *Batten v. Abrams*, 626 P.2d 984, 990 (Wash. 1981)).

**AFFIRMED.**